MAY 29, 1804.

# Samuel Johnson *v.* Martin Nall.

*Upon an appeal from a decree of the General Court.*

1. A settlement calling to include an improvement must be surveyed in a square with the improvement at the center, and the lines to the cardinal points.

2. A pre-emption to be located adjoining a settlement must adjoin it in equal portions on all sides and lie in a square with the lines to the cardinal points.

3. Although a settlement and pre-emption have not been surveyed according to law, yet, if they would have included the land in controversy had they been so surveyed, the complainant, claiming under a younger entry, can not recover.

The appellant relies upon his legal title; therefore, it will only be necessary to examine the claim of the appellee. His calls with the commissioners, and in his entry with the surveyor, are essentially the same; they are as follows: " Thomas Reynolds, assignee of Martin Fowler, enters four hundred acres of land, by virtue of a certificate, &c., lying in the main fork of Elkhorn, about six miles from the forks, to include an improvement made by Nathaniel Randolph, and two springs, the one large and the other

small, waters of the south fork of Elkhorn." A subsequent locator, upon reading this entry, would be naturally led to the main forks of Elkhorn, a place of general notoriety, and of which he could easily procure certain information; from thence he would pursue the other descriptive calls of the location, and would proceed up the south fork till he came to this branch, it being the first about the distance called for; on pursuing this branch he would be led to the improvement and large spring, and in searching around in the distance of one hundred yards, he would find the small one. In pursuing this route, he would find the distance from the fork to correspond nearly with that described in the entry, and thus by using reasonable diligence, he might, with certainty, to a common intent, know how to locate the adjacent residuum. And, therefore, this court accords with the general court, in sustaining the claim of the appellee. The appellee's entry upon his pre-emption warrant, calls to adjoin his settlement in equal proportion on each side. This has been so done; but it is so alleged that the appellee's claim is erroneously and illegally surveyed. Agreeable to repeated decisions of this court, the appellee's settlement should have been surveyed in a square, including the improvement in the center, with lines to the cardinal points; and then that the preemption should adjoin it on each side; therefore, the manner in which the claim has been surveyed, is illegal. But this has produced no injury to the appellant, because, if the appellee's claim was legally surveyed, as above stated, it would still cover the claim of the appellant. The other errors assigned are deemed immaterial, being on points of practice, respecting which no general rule can be established. Every case must depend on its particular circumstances, and no injury appears to have resulted from this case. Therefore, it is considered by the court, that the decree aforesaid be affirmed, that the appellee may proceed to have the benefit of the same in the court below, and recover of the appellant his costs in this behalf expended, which is ordered to be certified to the said court.